IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE SPERM BANK, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CRYOBANK AMERICA, LLC, a Texas limited liability company; MICHAEL BLAINE, a Texas resident; SANJAY KUMAR, a Texas resident,<br><br>Defendants. | CASE NO. 2:17-cv-1487<br><br>**COMPLAINT** |

Plaintiff Seattle Sperm Bank, LLC, for its complaint against the Defendants, alleges and avers as follows:

## I.  PARTIES

1. Seattle Sperm Bank, LLC ("SSB" or "Plaintiff") is a limited liability company organized under the laws of the state of Washington with its principal place of business in Seattle, Washington.  It also operates in Phoenix, Arizona under the d/b/a Phoenix Sperm Bank ("PSB").

**COMPLAINT - 1**
CASE NO. 2:17-CV-1487

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

2. Defendant Cryobank America, LLC ("Cryobank") is Texas limited liability company with its principal place of business in Arlington, Texas.

3. Defendant Michael Blaine ("Blaine"), on information and belief, is a resident of Arlington, Texas. Blaine is a former employee of SSB's.

4. Defendant Sanjay Kumar, on information and belief, is a resident of Arlington, Texas.  Kumar is a former employee of SSB's.

## II. JURISDICTION AND VENUE

5. This is an action, arising under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, et. seq., and the Washington Uniform Trade Secrets Act ("WUTSA"), RCW 19.108 et. seq., for the intentional misappropriation of trade secrets and for common law causes of action.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff seeks relief under the laws of the United States.  The Court also has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because this lawsuit is between citizens of different U.S. States.  The amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendants, and venue is proper in this District, because Blaine and Kumar, for their own benefit and the benefit of Cryobank, knowingly and intentionally accessed confidential and trade secret materials stored on an SSB-owned server in Seattle, Washington in an effort to misappropriate SSB trade secrets and wrongly to compete against their former employer.  Furthermore, Kumar and Blaine traveled to Seattle to be trained by SSB and to learn SSB's confidential processes and procedures and have used intentionally misappropriated this information, on information and belief, to compete against their former employer.  Therefore, Defendants committed intentional acts expressly

COMPLAINT - 2
CASE NO. 2:17-CV-1487

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

aimed at SSB's business in Seattle, Washington which caused harm that Defendants knew would be suffered in Washington State.

6.  Subjecting Defendants jurisdiction in Washington and this District is consistent with traditional notions of fair play and substantial justice as Defendants engaged in intentional acts that were expressly aimed at SSB's business in Washington State that the Defendants knew would be likely to cause harm in Washington State.

7.  Venue is proper in this District under 28 U.S.C. §§ 1391(b).

### III.  FACTUAL BACKGROUND

A.  **SSB Background.**

8.  SSB has operated in Seattle since 2008.  SSB was established to provide individuals with sperm donor choices.  SSB applies a scientific approach to its business, which includes an industry leading donor screening procedure.  SSB employs a human-tissue and genetic panel screening process that ensures its donors are screened for genetic mutations that could cause serious inherited disorders in children.  In addition, SSB conducts criminal and educational background checks to ensure a lack of serious criminal activity in donors.  Each of these procedures, among others, are conducted by SSB in order to be a leader in its field.

9.  Because of the sensitive health nature of SSB's business, SSB is required to comply with federal and state legislation and is registered with the U.S. Food and Drug Administration.  Of particular importance is the requirement that SSB comply with all U.S. Food and Drug Administration rules and regulations for the operation of a sperm donor and cryobank business.  Specifically, 21 C.F.R. Part 1271, Human Cells, Tissues and Cellular and Tissue-Based Products, regulates businesses such as SSB.  Pursuant to 21 C.F.R. § 2171.180, each sperm donor business must keep and maintain a list of Standard Operating Procedures ("SOP")

COMPLAINT - 3
CASE NO. 2:17-CV-1487

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

for all "core CGTP requirements for all steps that you perform in the manufacture of HCT/Ps. You must design these procedures to prevent circumstances that increase the risk of the introduction, transmission, or spread of communicable diseases through the use of HCT/Ps." 21 C.F.R. 1271.180(a). A business, such as SSB, is required to prepare over 50 SOPs with over 100 regulated and controlled forms totaling over 1,000 pages of information. These SOPs are not stagnant, but must be reviewed and updated on a regular basis. SSB invested considerable time, money and resources in developing its SOPs.

10.     The heavily regulated nature of SSB's business requires a large initial investment in the preparation of SOPs, which are a predicate for licensure from the U.S. Food and Drug Administration. Because of the large costs involved in preparing SOPs, they are viewed as a competitive advantage in the industry and, if shared, would be deemed valuable by SSBs current competitors or new industry entrants.

11.     SSB takes precautions to prevent the misuse of its confidential information, including its SOPs. Each SSB employee is required to verify receipt and review of SSB's Employee Handbook. The Handbook contains provisions to protect and preserve SSB's confidential and trade secret information as follows:

> Confidential and proprietary information concerning Seattle Sperm Bank's business, or clients/customers which is not generally available to the public, must not be disclosed to anyone outside the Company, either during employment or after termination.
>
> Such confidential and proprietary information includes, but is not limited to, the Company's trade secrets, method of conducting or obtaining business, business or operating plans, finances and financial information, …, technical know-how…, or any other information or confidences relating to the Company….
>
> You may not disclose this information or use this confidential information to further your personal interest or that of any person or entity other than the Company….

COMPLAINT - 4
CASE NO. 2:17-CV-1487

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

**B.    The Hiring of Blaine and Kumar and their Breach of Trust.**

12.     SSB's business operations expanded to Phoenix, Arizona in April 2015.

13.     In order to meet demand, SSB hired Defendant Blaine, in May 2015, as a Lead Biological Analyst ("LBA"), and Defendant Kumar, in June 2015, as a Biological Analyst ("BA").  On May 21, 2015 and June 22, 2015, respectively, Blaine and Kumar signed an acknowledgment attesting to each of their receipt and review of SSB's Employee Handbook, which contains restrictions on the use of SSB's trade secrets and confidential information. Blaine and Kumar were tasked with managing PSB's laboratory, equipment calibration, test result analysis, genetic reviews and adherence to U.S. Food and Drug Administration guidelines for tissue banking.

14.     Because of the important roles held by Kumar and Blaine, each was provided broad access to SSBs network and file servers including being granted the following additional rights:

a.     Domain Access – Defendants Blaine and Kumar were granted access to logon to any desktop computer on the SSB domain in the Seattle office as local computer users with local administrator rights.

b.     Fileserver Access – Defendants Blaine and Kumar had read/write/execute access to SSB's Seattle shared folder on the Distributed File System ("DFS").  Access included the following subfolders:  SSB SOPs, SSB Forms, SSB Marketing, Lab and Client Services.

c.     Internal Sperm Bank Management Application – Defendants Kumar and Blaine were granted access to the following data in SSB's internal data application:  Vial Storage Module, Order Module, Lab Module, Donor Administration Module, and Customer Reports.

COMPLAINT - 5
CASE NO. 2:17-CV-1487

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

15. Despite granting a level of trust and confidence to Kumar and Blaine, which SSB did not grant to all other employees, Kumar and Blaine, within months of employment began to initiate plans, on information and belief, to compete against SSB.

16. The following events, all while still employed by SSB, were taken by Defendants Kumar and Blaine, to prepare, on information and belief, to compete against SSB:

    a. On September 19, 2015, Defendant Kumar registered for a competing web domain name: "CryobankAmerica.com."

    b. In March 2016, Kumar and Blaine obtained a business license with the Texas Secretary of State to operate Cryobank America, Inc. Defendant Kumar is identified as "CEO and Co-Owner" and Defendant Blaine is identified as "CFO and Co-Owner."

    c. In December 2016 and April 2017, Kumar on information and belief, through his father-in-law, purchased two cryo-storage tanks from SSB on the claim that the father-in-law required the tanks for an unrelated business.

17. On April 20, 2017, Defendant Blaine provided written notice of resignation to SSB. In it, Blaine, claimed his decision to leave SSB was because "my wife is graduating from medical school and has received a residency in Texas." In his exit interview, Blaine, on information and belief, falsely stated that he would get "acclimated to TX before jumping into another job."

18. On April 20, 2017, Defendant Kumar also provided his written notice of resignation to SSB. In it, Kumar, on information and belief, falsely claimed that he received "an offer as a manager at a biotech company."

19. In addition to Defendants Kumar and Blaine's preparatory efforts to compete against SSB, Blaine and Kumar, on information and belief, conspired to misappropriate a

COMPLAINT - 6
CASE NO. 2:17-CV-1487

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

number of confidential and trade secret protected documents from SSB, including its SOPs and client and donor intake forms, among other things.

20. Following their departure, SSB engaged in an audit of its computer systems and discovered that between December 15, 2016 and May 2, 2017, Defendants Kumar and Blaine accessed SSB's confidential and trade secret materials that were stored on a server located in Seattle, Washington in order to copy 10 folders to a removable hard drive:

| Folder Path | Date & Time Copied |
| --- | --- |
| E:\SSB SOPs\SSB SOP Word documents | 12/15/2016: 17:41 |
| E:\SSB SOPs\SSB SOP Word documents\D2 Donor Eligibility Determination V29Jan16.doc | 12/15/2016: 17:41 |
| E:\SSB SOPs\SSB SOP Word documents\D2 Donor Eligibility Determination V29Jan16.doc | 12/15/2016: 17:41 |
| E:\SSB SOPs\SSB SOP Word documents\B1 Donor Screening V30Sep16.doc | 12/15/2016: 17:41 |
| E:\SSB SOP Word documents | 03/30/2017: 18:17 |
| E:\Forms | 03/30/2017: 18:17 |
| E:\Marketing | 03/30/2017: 23:40 |
| E:\SSB Forms | 05/02/2017: 20:47 |
| E:\SSB SOPs | 05/02/2017: 20:47 |

The 10 folders described above have more than 1,500 unique trade secret and confidential documents, including 67 unique SOP documents and 149 forms used and prepared by SSB (collectively the "Misappropriated Materials").

21. The Misappropriated Materials all were prepared in Seattle and housed on a server in Seattle, Washington which could be accessed by only those SSB employees who required access. Defendants Blaine and Kumar knew this. Other than to use the

COMPLAINT - 7
CASE NO. 2:17-CV-1487

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Misappropriated Materials to compete against SSB, there is no good faith reason for Defendants Kumar and/or Blaine to have copied the same onto a removable drive.

## IV.  CAUSES OF ACTION

**A.     First Cause of Action – Violation of the Defend Trade Secrets Act.**

22.     Plaintiff incorporates by reference paragraphs one through 21 of the Complaint.

23.     SSB owns and possesses certain Confidential Information and Trade Secrets which includes the SOPs and the Misappropriated Materials.

24.     The SOPs and Misappropriated Materials are used or intended to be used and sold in interstate commerce.

25.     SSB has taken reasonable measures to keep its SOPs and the Misappropriated Materials secret and confidential.

26.     The SOPs and Misappropriated Materials derive independent economic value from not being generally known, and not being readily ascertainable, through proper means by another person who could obtain economic value from the disclosure or use of the information.

27.     In violation of SSB's rights, Defendants threaten to misappropriate and have misappropriated SSB's SOPs and the Misappropriated Materials.

28.     Defendants' misappropriation is intentional, knowing and willful.

29.     SSB's remedies at law are inadequate.  SSB therefore seeks, in addition to damages, temporary, preliminary and permanent injunctive relief to recover and protect its confidential, proprietary and trade secret information.

30.     SSB has a substantial likelihood of success on the merits.  Defendants Kumar and Blaine, during employment with SSB, took steps to set up a competing business to SSB,

COMPLAINT - 8
CASE NO. 2:17-CV-1487

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

misappropriated SSBs trade secrets which were necessary to start a competitive business and failed to disclose to SSB their decision to compete against SSB while still employed.

**B.     Second Cause of Action – Violation of Washington Uniform Trade Secrets Act.**

31.    SSB incorporates by references paragraphs one through 30 of the Complaint.

32.    The SOPs and Misappropriated Materials are trade secrets.

33.    Defendants have misappropriated, use and continue to threaten to use SSB's SOPs and the Misappropriated Materials. Such conduct amounts to threatened and actual trade secret misappropriation.

34.    Defendants misappropriation has been, and is, willful and malicious.

35.    The threat of future misappropriation and use of SSB's trade secrets by Defendants is real and imminent.

36.    As a direct and proximate result of Defendants' misappropriation, SSB has been and continues to be irreparably harmed, and has suffered and continues to suffer damages. SSB is entitled to recover its actual damages sustained because of, and Defendants' unjust enrichment attributable to, Defendants' misappropriation in amounts to be determined at trial.

37.    SSB is entitled to recover at least a reasonable royalty for Defendants' unauthorized disclosure and use of SSB's trade secrets.

38.    SSB will continue to be harmed and damaged by Defendants' misappropriation until Defendants are enjoined from such behavior by the Court.

**C.     Third Cause of Action – Breach of Fiduciary Duty.**

39.    SSB incorporates by reference paragraphs one through 38 of the Complaint.

40.    Defendants Blaine and Kumar breached their fiduciary duties to SSB by impermissibly copying, retaining and using SSB's SOPs and the Misappropriated Materials.

COMPLAINT - 9
CASE NO. 2:17-CV-1487

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:   (206) 676-7001

41. As a result of Blaine and Kumar's breach, SSB has suffered damages and will continue to do so.

**D.     Fourth Cause of Action – Unfair Competition.**

42. SSB incorporates by reference paragraphs one through 41 of the Complaint.

43. Kumar and Blaine, by breaching their fiduciary duties to SSB, engaged in and continue to engage in unfair competition against SSB.  Defendant Cryobank America consented to and profited from Kumar and Blaine's acts.  As a result, SSB has suffered damages and will continue to do so.

44. Damages are not an adequate remedy, however, and SSB is entitled to injunctive relief to prevent the Defendants from continuing to unfairly compete against SSB.

### V.     PRAYER FOR RELIEF

SSB prays for judgment against Defendants and requests that the Court:

1. Finds that Defendants have misappropriated one or more of SSB's trade secrets;

2. Awards all damages resulting from Defendants' misappropriation;

3. Issues temporary, preliminary and permanent injunctive relief preventing Defendants from using SSB's trade secrets pursuant to 18 USC § 1836(b)(2)(A); RCW 19.108.020 and Fed. R. Civ. P. 65(a);

4. Awards damages for Defendants' unjust enrichment attributable to the misappropriation;

5. Awards exemplary damages pursuant to RCW 19.108.030;

6. Awards SSB's full costs of this action;

7. Awards pre-judgment and post-judgment interest as allowed by law; and

8. Awards all other relief, in law or in equity, to which SSB may be entitled.

COMPLAINT - 10
CASE NO. 2:17-CV-1487

SUMMIT LAW GROUP PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1  DATED this 2nd day of October, 2017.

2                              SUMMIT LAW GROUP PLLC

3
                               By *s/ Alexander A. Baehr*
4                                  Alexander A. Baehr, WSBA No. 25320
                                   *alexb@summitlaw.com*
                                   Steven O. Fortney, WSBA 44704
5                                  *stevef@summitlaw.com*
                                   315 Fifth Avenue South, Suite 1000
6                                  Seattle, WA  98104-2682
                                   Telephone:  (206) 676-7000
                                   Facsimile:  (206) 676-7001
7
                               Attorneys for Plaintiff Seattle Sperm Bank, LLC
8

**COMPLAINT - 11**
CASE NO. 2:17-CV-1487