The Honorable Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEATTLE SPERM BANK, LLC, a Washington limited liability company,<br>Plaintiff,<br><br>v.<br><br>CRYOBANK AMERICA, LLC, a Texas limited liability company; MICHAEL BLAINE, a Texas resident; SANJAY KUMAR, a Texas resident,<br>Defendants. | CASE NO. 2:17-cv-01487-RAJ<br><br>DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B) AND ALTERNATIVE MOTION TO TRANSFER<br><br>**Noted on Motion Calendar:**<br>**December 29, 2017** |

### I. SUMMARY

1. Defendants file this reply ("Reply") in support of their *Motion to Dismiss Pursuant to Rule 12(B)*, which seeks dismissal of the plaintiff's claims for lack of personal jurisdiction, improper venue, failure to state a claim upon which relief can be granted, and insufficient damages to warrant jurisdiction based on diversity. Alternatively, the defendants request transfer of this suit to the Northern District of Texas, the only proper venue for this case.

2. This Reply focuses on the propriety of this suit's adjudication in Seattle, and argues that the cases cited by the plaintiff are inapplicable, as this trade secret case is not a patent or trademark case, and the case should be adjudicated in a forum that has more involvement with the case than the mere presence of a server.

## II. CONTENTS

I.   SUMMARY ............................................................................................. 1
II.  CONTENTS ........................................................................................... 2
III. TABLE OF AUTHORITIES ................................................................. 2
IV.  REVIEW OF THE PLAINTIFF'S RESPONSE ................................... 3
   A.  Seattle Sperm Bank unreasonably simplifies case law. ................. 3
   B.  The defendants' actions were not directed to Washington. ........... 4
   C.  Washington is an unreasonable venue for this suit. ...................... 5
V.   PRAYER ................................................................................................ 6

## III. TABLE OF AUTHORITIES

**Cases**

*Microsoft Corp. v. Mountain West Comp., Inc.*, No. C14–1772RSM, 2015 WL 4479490, at * 7 (W.D. Wash. Jul. 22, 2015) ............................................... 3-5

*T-Mobile USA, Inc. v. Huawei Device USA, Inc.*, 115 F. Supp. 3d 1184, 1202-03 (W.D. Wash. 2015) ........................................................................... 3

## IV. REVIEW OF THE PLAINTIFF'S RESPONSE

### A. Seattle Sperm Bank unreasonably simplifies its case law.

3. The plaintiff argues that specific jurisdiction is provided in this case because the individual defendants copied documents stored on servers which are physically located in Seattle, buttressing that argument with a claimed reliance on *Microsoft Corp. v. Mountain West Comp., Inc.*, No. C14–1772RSM, 2015 WL 4479490, at *7 (W.D. Wash. Jul. 22, 2015) and *T-Mobile USA, Inc. v. Huawei Device USA, Inc.*, 115 F. Supp. 3d 1184, 1202-03 (W.D. Wash. 2015), summarizing the holdings as "accessing servers of Washington corporation confers specific jurisdiction over foreign defendants."

4. This interpretation by plaintiff is overstated. These two cases do not hold that merely accessing servers in Washington confers specific jurisdiction over foreign defendants. In *Microsoft*, the defendant was denying income to Microsoft by false registrations and validating software in Washington, violating trademark and copyright laws along the way. *Id.* at *17-18.

5. In the present case, the plaintiff cannot claim that it has lost income or been damaged in any particular way in Washington. Even if the Court assumes that the defendants are liable under a qui tam analysis at a rate of the value of the SOPs, there exists no showing in the pleadings that the damage was felt in Washington.

1  If the plaintiff's theory was correct, any damage to any organization could be said
2  to be felt at the location of a plaintiff, which is not the law.

### B. The defendants' actions were not directed to Washington.

4  6.  *Microsoft* instructs that the Ninth Circuit uses a three-part test for specific
5  jurisdiction, which includes a fact pattern which can be evaluated in this case as:

    a.  A nonresident defendant purposefully directed his activities with a forum resident ("purposeful direction");

    b.  the claim arises out of the defendant's forum-related activities; and

    c.  the exercise of jurisdiction must be reasonable.

7.  In this evaluation, the plaintiff has the burden to show the first two elements, and if carried, the defendant has a burden to show that the court's exercise of jurisdiction would be unreasonable. *Id*. at *10-11.

8.  In the 'purposeful direction' evaluation, the "causing of harm the defendant knows is likely to be suffered *in the forum state*." *Id*. (Italics added for emphasis.) In *Microsoft*, the damage was suffered in Washington.

9.  *Microsoft* also points out that the claims have to arise from the forum-related activities in a 'but for' analysis, which is another weak point for the plaintiff's case in Washington. *Id*. at *18-19.

10.  The plaintiff's claims are dependent upon the electronic download of files from a server in Washington, but all of the documents existed on site with the

1  defendants in Arizona. They could have just as easily copied the paper versions in

2  the location where they were working at the time in Arizona. Ex. A. Thus, the mere

3  fact that the physical server existed in Washington is not relevant as to the question

4  of jurisdiction.

5  11. The plaintiff's Response cites from *Microsoft*, but the plaintiff fails to

6  recognize the distinguishing characteristics between *Microsoft* and this case:

7      a.     In *Microsoft*, the defendant had no place to go and no way to validate

8  software except by going to the Microsoft servers; the defendants in the

9  current case could have picked up the paper versions and just copied them.

10     b.     In *Microsoft*, the defendant had no role in actually creating or

11 involvement in amending and developing the alleged trade secret materials;

12 the defendants here are involved in such development. Ex. A.

13     c.     *Microsoft* involved copyright and trademark claims, and the court there

14 employed the standard rule that jurisdiction will typically be proper where the

15 copyright and trademark holder resides. *Id*. at *12-13. Such a decision makes

16 sense because infringement causes public confusion.

**C. Washington is an unreasonable venue for this suit.**

18 12. Typically, this Court would examine seven factors to adjudicate venue,

19 including: existence of an alternative forum; burden on the defendant; convenience

20 and effectiveness of relief for the plaintiff; most efficient judicial resolution of the

DEF.'S REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
(CASE NO. 2:17-cv-01487-RAJ)

Page 5

dispute; conflict with sovereignty of the defendants' state; extent of purposeful interjection; and the forum state's interest in the suit. *Id*. at *20.

13.  Based on the above, the best venue for this case is the Northern District of Texas. All three defendants are in the North Texas federal district. The expert witnesses for both the plaintiff and the defendants are in the North Texas federal district. And while the plaintiff's management will no doubt wish to testify regarding individual defendants' employment, those facts will not be disputed.

14.  If this Court issues a judgment, it will have to be enforced in Texas, and certainly the Washington claims will have to be reevaluated before any damages are domesticated.

15.  The natural location for a court to hear these claims is not Washington, where jurisdiction is being claimed as proper on the basis of the thin thread of a physical server location, but rather the trial should be located where all of the witnesses (fact and expert) reside. Ex. A.

## V. PRAYER

16.  Defendants request that the Court dismiss this case for failure to state a claim and lack of personal jurisdiction, but alternatively, transfer this suit to the Northern District of Texas.  Due to the illness of Defendants' counsel, this Reply is filed one court day after the deadline set forth under LCR 7(d)(2), and Defendants respectfully request that the Court permit said late filing in this instance.

Respectfully submitted this 2nd day of January, 2018,

| | |
|---|---|
| NORRED LAW, PLLC | HACKER & WILLIG, INC., P.S. |
| */s/ Warren Norred* | */s/ Charles L. Butler, III* |
| Warren V. Norred, *PHV*, TX SBN 24045094 | Charles L. Butler, III, WSBA #36893 |
| 200 E. Abram, Suite 300 | charlie@hackerwillig.com |
| Arlington, TX 76010 | 520 Pike Street, Suite 2500 |
| Telephone (817) 704-3984 | Seattle, Washington 98101-1385 |
| Facsimile (817) 524-6686 | Telephone (206) 340-1935 |
| wnorred@norredlaw.com | Facsimile (206) 340-1936 |
| Counsel for Defendants | Co-Counsel for Defendants |

*EXHIBIT A*
**DECLARATION OF MICHAEL BLAINE**

1. I am a named defendant in the above-referenced case.

2. Though SSB wants to believe that the value of its SOPs are something special, I am aware of at least three organizations that will sell me standard operating procedures which would be just as useful to Cryobank and my operations as those I used when formulating the Cryobank procedures. Two sources will provide a complete set of SOPs for less than $6,000, and another one will provide them for $14,000, and that comes with a more exhaustive and helpful set of continuously updated resources.

3. The SOPs were physically present in my place of employment in Phoenix and if I had wanted to copy them there and not accessed any server anywhere else, I could have.

4. It was perfectly proper for me and Sanjay Kumar to have the SOPs on our computers before we left, as we were involved in the revision of those SOPs and gave feedback on them.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct.

Executed this January 2, 2018 in Arlington, Texas,

/s/ Michael Blaine
Michael Blaine

**CERTIFICATE OF SERVICE**

I hereby certify that on January 2, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for the plaintiff.

*/s/ Charles L. Butler, III*
Charles L. Butler, III, WSBA #36893