1                                    The Honorable Richard A. Jones

2

3

4

5

6           IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

7

8    SEATTLE SPERM BANK, LLC, a
     Washington limited liability company,        CASE NO.  2:17-cv-01487-RAJ
                    Plaintiff,

9                                                  DEFENDANTS' *AMENDED*
                      v.                           ANSWER TO COMPLAINT

10

11   CRYOBANK AMERICA, LLC, a
     Texas limited liability company;
     MICHAEL BLAINE, a Texas resident;

12   SANJAY KUMAR, a Texas resident,
                    Defendants.

13

14         Defendants Cryobank America, LLC, Michael Blaine, and Sanjay Kumar,

15   by and through its undersigned attorneys, hereby respond to the Complaint

16   ("Complaint") of Plaintiff, Seattle Sperm Bank, LLC ("SSB") filed on October 2,

17   2017. The numbered paragraphs below correspond to the same paragraphs in the

18   Complaint. Defendants expressly deny all allegations not admitted.

19         Irrespective of the denials contained here, Defendants believe the cost of

20   litigation far exceeds the cost of just paying the damages warranted if they were

found liable, and request that the Court proceed to a determination of damages with an assumed (though not admitted) liability for the actions alleged in the Complaint.

## I.    PARTIES

1.    Defendants lack sufficient knowledge to form a belief of this allegation.

2.    Admit.

3.    Admit

4.    Admit

## II. JURISDICTION AND VENUE

5.1[1]    Cryobank admits that the Court has subject matter jurisdiction over claims arising under the laws of the United States, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(a)(1), but denies committing intentional misappropriation of trade secrets, tortious, or unlawful act anywhere, including under Washington law. Cryobank denies the amount in controversy exceeding $75,000, exclusive of interest and costs.

5.2    Cryobank admits Blaine and Kumar traveled to Seattle, Washington to be employed by SSB, but denies committing intentional misappropriation of trade secrets, tortious, or unlawful act anywhere, including under Washington law.

---

[1] Plaintiffs' Complaint has two paragraphs numbered as "5."

AMENDED ANSWER OF CRYOBANK, ET AL.                                          PAGE 2 OF 7
(CASE NO.  2:17-cv-01487-RAJ)

1   Blaine and Kumar certainly did not accept their employment with a specific plan to

2   learn how to operate a competing business and then quit and start the new business,

3   and did not "take aim" at SSB's business in Seattle, Washington, in order to cause

4   SSB harm in Washington State.

5   6.      Cryobank denies that jurisdiction is proper in Washington.

6   7.      Cryobank denies that venue is proper in this district under 28 U.S.C. §§

7   1391(b). It remains Cryobank's position that this matter, if heard at all, should

8   proceed in the U.S. District Court for the Northern District of Texas.

9                          **III. FACTUAL BACKGROUND**

10  8.      Defendants lack sufficient knowledge to form a belief of this allegation.

11  9.      Defendants admit that SSB must comply with various laws.

12  10.     Defendants admit that SOPs must be prepared, but deny that the value of the

13  SOPs is anything close to that which SSB appears to believe.

14  11.     Defendants lack sufficient knowledge to form a belief of this allegation.

15  12.     Admit.

16  13.     Admit.

17  14.     Defendants admit that Kumar and Blaine had the described access, but deny

18  that such access was particular to them; everyone at SSB had similar access to

19  files.

20  15.     Deny.

1   16a.   Admit.

2   16b.   Defendants do not know what a "business license" is. Defendants did create

3   a limited liability company in March 2016.

4   16c.   Admit.

5   17.   Admit.

6   18.   Admit.

7   19.   Deny.

8   20.   Defendants lack sufficient knowledge to form a belief of this allegation.

9   21.   Deny.

10                    **IV. CAUSES OF ACTION**

11   22.   See responses referenced above.

12   23.   Deny.

13   24.   Deny.

14   25.   Deny.

15   26.   Defendants admit that the SOPs have a non-zero value.

16   27.   Deny.

17   28.   Deny.

18   29.   Deny.

19   30.   Deny.

20   31.   See responses referenced above.

1   32.   Deny.

2   33.   Deny.

3   34.   Deny.

4   35.   Deny.

5   36.   Deny.

6   37.   Deny.

7   38.   Deny.

8   39.   See responses referenced above.

9   40.   Deny.

10   41.   Deny.

11   42.   See responses referenced above.

12   43.   Deny.

13   44.   Deny.

14                          **V. PRAYER FOR RELIEF**

15   Defendants are not now using the SOPs or other materials that were in their

16   possession as a result of their employment with SSB. Defendants deny that the

17   information which they possessed, which came from SSB, were treated as trade

18   secrets, and thus none of the documents are trade secrets.

19   Defendants deny that any prayer or request for relief made by SSB is

20   warranted, but believe that the cost of litigation of these matters will far surpass the

*AMENDED* ANSWER OF CRYOBANK, ET AL.                                    PAGE 5 OF 7
(CASE NO.  2:17-cv-01487-RAJ)

1   cost of simply paying damages for the allegations.  As such, Defendants made an

2   offer of judgment to Plaintiff on January 3, 2018, which Plaintiff rejected.

3   Defendants remain hopeful that this case can settle in the near future.

4       For all these reasons, the Court can expect a motion to seek a determination

5   of damages and end this dispute in short order, either by hearing before a special

6   magistrate, directly before this Court, through enforcement of the parties'

7   commitments regarding ADR,[2] or by other means not yet determined.

8       DATED this 28th day of September, 2018.

9       Respectfully submitted,

10   NORRED LAW, PLLC            HACKER & WILLIG, INC., P.S.

11   */s/ Warren Norred*            */s/ Charles L. Butler, III*

Warren V. Norred, *PHV*, TX 24045094     Charles L. Butler, III, WSBA #36893

12   wnorred@norredlaw.com          charlie@hackerwillig.com

515 E. Border St.               520 Pike Street, Suite 2500

13   Arlington, TX 76010           Seattle, Washington 98101-1385

Telephone (817) 704-3984        Telephone (206) 340-1935

Facsimile (817) 524-6686        Facsimile (206) 340-1936

14   Co-Counsel for Defendants       Co-Counsel for Defendants

15

16

17

18

    [2] *See*, Joint Status Report, Dkt. #17, pg. 3, lns. 8-10/11: "The parties have agreed to seek an early mediation of this matter by no later than March 15, 2018. The parties are in the process of

19   choosing and retaining a mediator for this matter." That date came and went while the parties discussed settlement. Mediation is still an option. Defendants are ready and willing to mediate

20   this matter at any time, preferably in Texas.

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on September 28, 2018, I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system which will send notification of such filing to

4

counsel for Plaintiff.

5

_/s/ Charles L. Butler, III_____
Charles L. Butler, III, WSBA #36893

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20